## *Eastern District of Pennsylvania.*

## In the United States Circuit Court.
### (*In Equity.*)

## SUMNER *et al. v.* THE CITY OF PHILADELPHIA.

The Board of Health have not an unlimited arbitrary right to detain a vessel after there is no longer an appearance of malignant disease upon it.

**Case stated.**

Opinion delivered October 6, 1873, by

McKENNAN, CIRC. J. Upon the facts found by the referee, whose report it is agreed shall be treated as a special verdict, I am satisfied the defendant is liable in damages for an undue detention of the plaintiff's vessel.

A very large discretion is necessarily entrusted to the Board of Health in the administration of quarantine regulations; but it is not unlimited, nor is it to be exercised arbitrarily. The board may exert their powers to avert substantial danger to the public health, and so, as a measure of mere precaution they may cause the detention of an infected vessel for a reasonable period, but when the process of cleansing and purification is completed, and there is no longer an appearance of malignant disease upon the vessel, she cannot rightfully be prevented from proceeding to sea. A further detention of her is an invasion of the owner's property, for which he is entitled to compensation.

Such is the import of the proviso to the 4th section of the Pennsylvania Statute of 29th January, 1818, Pamphlet Laws, 38. If the general power of the Board of Health is not so qualified, then the proviso has no qualifying sense whatever, but is a superfluous reiteration of that part of the body of the section, which confers upon the board a discretion to detain a vessel, upon which a malignant disease has appeared, for "such further time as they may deem necessary," and which manifestly comprehends the power to discharge it at any time. But if this were not the effect of the proviso, the extent of the power of the board is limited by the clear necessity of its exercise for the public protection, for it is not to be

taken as the intention of the Legislature to invest them with irresponsible authority to withhold private property indefinitely from its owner, whereby he would be subjected to great injury and loss.

It is apparent, in this case, that the detention of the plaintiff's vessel after the 2d of September, 1870, was purely arbitrary. However upright the motives of the Board may have been, their apprehension of danger to the public health from the vessel was merely·speculative. At any rate, the vessel was then in a condition of cleanliness and freedom from malignant disease, which entitled her owners to take her to sea. This they were not permitted to do, and, therefore, they are entitled to compensation for the loss and expenses caused by her detention until the 7th of November following. The items and amount of these damages have been correctly ascertained and adjusted by the referee; and it is ordered that judgment be entered for the plaintiffs for twenty-two hundred and seventy-three dollars and thirty-six cents ($2,273.36), (being the same found by the referee,) with interest from November 7th, 1870.

*Henry Flanders* and *David W. Sellers*, Esqs., for plaintiffs; *George D. Budd*, Esq., and *Charles H. T. Collis*, city solicitor, for defendants.